IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| V. | § | Cr. No. C-06-259 |
| | § | C.A. No. C-08-386 |
| DAVID TYRONE THOMAS, | § | |
| | § | |
|    Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Movant David Tyrone Thomas ("Thomas") filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on November 28, 2008 in the Laredo Division of this Court. (D.E. 42.) By the December 3, 2008 Order of United States District Judge George P. Kazen (D.E. 43), that motion was transferred to the Corpus Christi division and has been assigned a corresponding civil action, No. 2:08-cv-386. The Court concludes that it is not necessary to order a government response to Thomas' § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. That is, Thomas' motion is untimely, as set forth in more detail herein. For this reason, the Court denies Thomas' § 2255 motion. (D.E. 42.)

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. CRIMINAL PROCEEDINGS

Thomas was sentenced by this Court on December 14, 2006 and judgment was entered against him on December 19, 2006. (D.E. 19.) His Notice of Appeal was received by the Clerk on April 2, 2007, and his appeal was dismissed because it was untimely. (D.E. 24, 39.)

On July 30, 2008, Thomas filed a document on a form used to file a state court application for writ of habeas corpus. (D.E. 40.) By Order entered November 10, 2008, this Court noted that Thomas' motion contained an ineffective assistance of counsel claim that was properly brought in a motion pursuant to 28 U.S.C. § 2255, but that most of his claims were properly construed as a motion pursuant to 28 U.S.C. § 2241. The Court thus transferred his § 2241 claims to the Laredo Division, where Thomas was incarcerated at the time of filing and where the proper respondent was located. (D.E. 41 at 1-2.) As to any claims challenging his conviction or sentence in this case, the Court noted that if the Court were to construe his motion as a § 2255 motion, it would be time-barred. It therefore denied any § 2255 claims as time-barred. (D.E. 41 at 5-6.)

Thomas' latest filing utilized forms for filing a motion under 28 U.S.C. § 2254, but it challenges his conviction and sentence in this case, as noted by Judge Kazen. (See D.E. 43 at 1.) Thus, it is properly construed as a § 2255 motion.

## III. ANALYSIS

**A.     Second or Successive**

Construed as a § 2255 motion, at first blush it might appear that Thomas' motion is a second or successive § 2255 motion and that Thomas must therefore seek and obtain authorization from the Fifth Circuit to file his motion in this Court. 28 U.S.C. § 2255; see Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In Thomas' case, however, his first § 2255 motion was not styled by him as a § 2255 motion. Rather than giving the notice as set forth in Castro v. United States, 540 U.S. 375 (2003) and construing his motion as a § 2255 motion,[1] however, this Court merely noted that, if Thomas' claims in D.E. 40 were construed as a § 2255 motion, they would not be timely. (See D.E. 41.) Thus, the instant motion, construed as a § 2255 motion, is not "second or successive." See Castro, 540 U.S. at 383.

## B. Statute of Limitations

Although the motion is not barred as "second or successive," however, it is time-barred, just as Thomas' first filing was. As noted in this Court's prior order, any § 2255 motion from Thomas was required to be filed by January 5, 2008. (See D.E. 41 at 5.) The instant motion was received by the Clerk on November 28, 2008, but was signed and states that it was deposited into the prison mailing system on November 24, 2008. It is thus deemed filed as of the earlier date.[2] It was filed, therefore, more than ten months beyond the deadline and is untimely. Thomas does not seek tolling, nor does his motion or the record disclose any basis for tolling. Accordingly, Thomas' motion (D.E. 42) is barred by the applicable statute of limitations and is DENIED.

---

[1] In Castro, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383. In the absence of such notice, a recharacterized motion does not constitute a motion to vacate for purpose of applying the restrictions for second or successive motions. Id.

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). Moreover, a COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Thomas has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings).

It is unnecessary for the Court to address whether Thomas' motion states a valid claim of the denial of a constitutional right, because he cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2255 motion on procedural grounds. Under the plain record of this case, his motion is untimely and he has not shown an entitlement to tolling. Accordingly, Thomas is not entitled to a COA.

## IV.  CONCLUSION

For the foregoing reasons, Thomas' motion pursuant to 28 U.S.C. § 2255 (D.E. 42) is DENIED.  Additionally, Thomas is DENIED a Certificate of Appealability.

It is so ORDERED.

Signed this 16th day of December, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE